**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD. & SAMSUNG ELECTRONICS AMERICA, INC., <br><br> *Plaintiffs,* <br><br> - v.- <br><br> DATANG MOBILE COMMUNICATIONS EQUIPMENT CO., LTD., <br><br> *Defendant.* | Civil Action No. 1:23-cv-1488 (MSN/LRV) |

<u>**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT**</u>

Defendant Datang Mobile Communications Equipment Co., LTD. ("Datang" or "Defendant"), by and through its counsel, hereby submits its Answer to Samsung Electronics Co., LTD. and Samsung Electronics America, Inc.'s (collectively "Plaintiffs" or "Samsung") Complaint (Dkt. 1).

Each numbered response in this Answer is made subject to the following limitations as if fully set forth therein. *First*, except as expressly admitted or otherwise responded to below, Datang denies all of the allegations in the numbered paragraphs of the Complaint. *Second*, any responses in this Answer do not constitute Datang's acknowledgement or admission of the validity or relevance of such allegations. *Third*, Datang denies any and all of Samsung's characterizations of fact or law in the Complaint. *Fourth*, any responses in this Answer as to documents or communications referenced in the Complaint do not constitute Datang's acknowledgement or admission of the admissibility or relevance of such documents or communications. Datang

1

expressly denies that Samsung has accurately, completely, or in context cited from such documents or communications; rather, such documents and communications speak for themselves. *Fifth*, to the extent a response is deemed required to any of the section headings in the Complaint, Datang denies any and all allegations in such headings. The section headings in this Answer exist for the purpose of convenience and shall not be deemed admissions. *Sixth*, as to the prayer for relief, Datang denies any liability or obligation, in any form or amount, to Samsung.

Datang further reserves its right under the Federal Rules of Civil Procedure to amend its pleading to add additional or other affirmative defenses or to delete and withdraw affirmative defenses as may become necessary after additional discovery, investigation, or subsequent developments relating to this case and expressly reserves its right to amend this Answer to assert such additional affirmative defenses in the future.

## **INTRODUCTION**

1.     Datang admits that Samsung purports to bring a patent invalidity action arising under the patents laws of the United States, but denies that it has a basis to properly bring such claims. Datang denies any remaining allegations in Paragraph 1 of the Complaint.

2.     The allegations in Paragraph 2 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required Paragraph 2 of the Complaint states a legal conclusion, and no response is required. To the extent that a response is required, Datang denies the allegations in Paragraph 2 of the Complaint.

3.     The allegations in Paragraph 3 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required. To the extent a response is required, Datang denies the allegations in Paragraph 3 of the Complaint.

2

4.      To the extent the allegations in Paragraph 4 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), no response is required. To the extent Paragraph 4 of the Complaint states a legal conclusion, no response is required. Datang admits that Samsung purports to bring this action pursuant to 35 U.S.C. § 293, but denies that it has a basis to properly bring such claims.  Datang denies the remaining allegations in Paragraph 4 of the Complaint.

## THE PARTIES

5.      Datang is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint, and, therefore denies them.

6.      Datang is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, and, therefore denies them.

7.      Datang admits that it is a state-owned Chinese corporation with its principal place of business at 1/F, Building 1, No. 5 Shangdi East Road, Haidian District, Beijing China 100085. Datang admits that it manufactures mobile infrastructure equipment, was involved in the development of a 3G cellular standard used in China called TD-SCDMA, and has focused efforts on mobile communications standards on TDD (time division duplex) technologies.  Datang admits China is Datang's largest jurisdiction for its 4G- and 5G-related patents, with the United States being the second largest jurisdiction for these patents as of the time of filing this Answer.  Datang denies any remaining allegations in Paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8.      To the extent the allegations in Paragraph 8 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), no response is required. To the extent Paragraph 8 of the Complaint states a legal conclusion, no response is required.

Datang denies that this Court has jurisdiction over the claims asserted, for the reasons described in Datang's motion to dismiss.  Datang denies the remaining allegations of Paragraph 8 of the Complaint.

9.      Datang admits it is the owner of the patents-in-suit and has not identified an agent for service of process in the United States in connection with the patents-in-suit.

10.      To the extent Paragraph 10 of the Complaint states a legal conclusion, no response is required.  Datang admits it is a Chinese corporation.

11.      To the extent the allegations in Paragraph 11 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), no response is required.  To the extent Paragraph 11 of the Complaint states a legal conclusion, no response is required.  Datang denies that this Court has jurisdiction over it for the claims asserted, for the reasons described in Datang's motion to dismiss.  Datang denies any remaining allegations in Paragraph 11 of the Complaint.

12.      To the extent the allegations in Paragraph 12 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), no response is required.  To the extent Paragraph 12 of the Complaint states a legal conclusion, no response is required.  Datang denies that this Court has jurisdiction over the claims asserted, for the reasons described in Datang's motion to dismiss.  Datang denies any remaining allegations in Paragraph 12 of the Complaint.

13.      To the extent the allegations in Paragraph 13 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), no response is required.  To the extent Paragraph 13 of the Complaint states a legal conclusion, no response is

required.  Datang denies the allegation that venue is appropriate in this jurisdiction.  Datang denies any remaining allegations in Paragraph 13 of the Complaint.

## FACTUAL BACKGROUND

14.     The allegations in Paragraph 14 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required.

15.     The allegations in Paragraph 15 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required. To the extent a response is required,

16.     The allegations in Paragraph 16 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required. To the extent Paragraph 16 of the Complaint states a legal conclusion, no response is required.

17.     The allegations in Paragraph 17 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required. To the extent Paragraph 17 of the Complaint states a legal conclusion, no response is required.

18.     The allegations in Paragraph 18 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required. To the extent Paragraph 18 of the Complaint states a legal conclusion, no response is required. Datang denies any remaining allegations in Paragraph 18 of the Complaint.

**A.**     **Background on Cellular Standards and Their Intellectual Property Rights Policies**

19.     The allegations in Paragraph 19 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required.

20.     The allegations in Paragraph 20 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required.

21.     The allegations in Paragraph 21 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required. To the extent Paragraph 21 of the Complaint states a legal conclusion, no response is required.

22.     The allegations in Paragraph 22 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required. To the extent Paragraph 22 of the Complaint states a legal conclusion, no response is required.

23.     The allegations in Paragraph 23 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required. To the extent Paragraph 23 of the Complaint states a legal conclusion, no response is required. To the extent that a response is required, Datang states that Paragraph 23 purports to characterize unidentified documents that speak for themselves with respect to their terms. To the extent that the remaining allegations contained in Paragraph 23 are inconsistent with the terms of such documents, as written, said allegations are denied.

24.     To the extent Paragraph 24 of the Complaint states a legal conclusion, no response is required. Paragraph 24 purports to characterize documents that speak for themselves with respect to their terms. To the extent that the remaining allegations contained in Paragraph 24 are inconsistent with the terms of such documents, as written, said allegations are denied. Datang denies any remaining allegations in Paragraph 24 of the Complaint.

**B.     Wireless Telecommunications Standards Published by Standards Setting Organizations**

25.     The allegations in Paragraph 25 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required. To the extent Paragraph 25 of the Complaint states a legal conclusion, no response is required. To

the extent that a response is required, Datang states that Paragraph 25 purports to characterize unidentified documents that speak for themselves with respect to their terms.  To the extent that the remaining allegations contained in Paragraph 25 are inconsistent with the terms of such documents, as written, said allegations are denied.

26.     The allegations in Paragraph 26 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required. To the extent Paragraph 26 of the Complaint states a legal conclusion, no response is required.  To the extent that a response is required, Datang states that Paragraph 26 purports to characterize unidentified documents that speak for themselves with respect to their terms.  To the extent that the remaining allegations contained in Paragraph 26 are inconsistent with the terms of such documents, as written, said allegations are denied.

27.     The allegations in Paragraph 27 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required. To the extent Paragraph 27 of the Complaint states a legal conclusion, no response is required.  To the extent that a response is required, Datang states that Paragraph 27 purports to characterize unidentified documents that speak for themselves with respect to their terms.  To the extent that the remaining allegations contained in Paragraph 27 are inconsistent with the terms of such documents, as written, said allegations are denied.

28.     The allegations in Paragraph 28 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required. To the extent Paragraph 28 of the Complaint states a legal conclusion, no response is required.  To the extent that a response is required, Datang states that Clause 6.1 of ETSI's IPR Policy is a written document that speaks for itself with respect to its terms.  To the extent that the remaining

allegations contained in Paragraph 28 are inconsistent with ETSI's IPR Policy, as written, said allegations are denied.

29.     The allegations in Paragraph 29 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required. To the extent Paragraph 29 of the Complaint states a legal conclusion, no response is required.  To the extent that a response is required, Datang states that Clause 15 of ETSI's IPR Policy is a written document that speaks for itself with respect to its terms.   To the extent that the remaining allegations contained in Paragraph 29 are inconsistent with ETSI's IPR Policy, as written, said allegations are denied.

30.     The allegations in Paragraph 30 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required. To the extent Paragraph 30 of the Complaint states a legal conclusion, no response is required.  To the extent that a response is required, Datang states that Clause 15 of ETSI's IPR Policy is a written document that speaks for itself with respect to its terms.   To the extent that the remaining allegations contained in Paragraph 30 are inconsistent with ETSI's IPR Policy, as written, said allegations are denied.

31.     The allegations in Paragraph 31 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required. To the extent Paragraph 31 of the Complaint states a legal conclusion, no response is required.  To the extent that a response is required, Datang states that Appendix A of ETSI's IPR Policy is a written document that speaks for itself with respect to its terms.  To the extent that the remaining allegations contained in Paragraph 31 are inconsistent with ETSI's IPR Policy, as written, said allegations are denied.

32.     The allegations in Paragraph 32 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required. To the extent Paragraph 32 of the Complaint states a legal conclusion, no response is required.  To the extent that a response is required, Datang states that Clause 14 of ETSI's IPR Policy is a written document that speaks for itself with respect to its terms.  To the extent that the remaining allegations contained in Paragraph 32 are inconsistent with ETSI's IPR Policy, as written, said allegations are denied.

33.     The allegations in Paragraph 33 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required. To the extent Paragraph 33 of the Complaint states a legal conclusion, no response is required.  To the extent that a response is required, Datang states that Paragraph 33 purports to characterize unidentified documents that speak for themselves with respect to their terms.  To the extent that the remaining allegations contained in Paragraph 33 are inconsistent with the terms of such documents, as written, said allegations are denied.

34.     The allegations in Paragraph 34 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required. To the extent Paragraph 34 of the Complaint states a legal conclusion, no response is required.  To the extent that a response is required, Datang states that Paragraph 34 purports to characterize unidentified documents that speak for themselves with respect to their terms.  To the extent that the remaining allegations contained in Paragraph 34 are inconsistent with the terms of such documents, as written, said allegations are denied.

35.     The allegations in Paragraph 35 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required.

To the extent that a response is required, Datang is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint, and, therefore denies them.

36.     The allegations in Paragraph 36 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required. To the extent Paragraph 36 of the Complaint states a legal conclusion, no response is required.  To the extent that a response is required, Datang is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint, and, therefore denies them.

**C.      License Negotiations Between Datang and Samsung**

37.     The allegations in Paragraph 37 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required. To the extent a response is required, Datang admits that it contacted Samsung via letter in May of 2020 concerning the licensing of Datang's wireless Standard Essential Patent (SEP) portfolio. (Dkt. 33-3).  To the extent that the remaining allegations contained in Paragraph 37 are inconsistent with Datang's letter, as written, said allegations are denied.  Datang denies the remaining allegations in Paragraph 37.

38.     The allegations in Paragraph 38 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required. To the extent that a response is required, Datang denies the allegations in Paragraph 38 of the Complaint.

39.     The allegations in Paragraph 39 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required.

To the extent that a response is required, Datang states that Exhibits B and C of Samsung's Complaint is a written document that speaks for itself with respect to language contained therein. To the extent that the remaining allegations contained in Paragraph 39 are inconsistent with Exhibits B or C, as written, said allegations are denied.

40.     The allegations in Paragraph 40 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required. To the extent that a response is required, Datang denies the allegations in Paragraph 40 of the Complaint.

41.     The allegations in Paragraph 41 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required. To the extent that a response is required, Datang denies the allegations in Paragraph 41 of the Complaint.

42.     The allegations in Paragraph 42 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required.

43.     The allegations in Paragraph 43 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required. To the extent that a response is required, Datang denies the allegations in Paragraph 43 of the Complaint.

44.     The allegations in Paragraph 44 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required. To the extent that a response is required, Datang denies the allegations in Paragraph 44 of the Complaint.

45.     The allegations in Paragraph 45 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required. To the extent that a response is required, Datang denies the allegations in Paragraph 45 of the Complaint.

46.     The allegations in Paragraph 46 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required. To the extent that a response is required, Datang denies the allegations in the second sentence of Paragraph 46 of the Complaint.

47.     The allegations in Paragraph 47 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required.

48.     The allegations in Paragraph 48 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required. To the extent that a response is required, Datang denies the allegations in Paragraph 48 of the Complaint.

49.     The allegations in Paragraph 49 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required. To the extent that a response is required, Paragraph 49 of the Complaint states a legal conclusion, and no response is required.  Datang admits China is Datang's largest jurisdiction for its 4G- and 5G-related patents, with the United States being the second largest jurisdiction for these patents as of the time of filing this Answer.  Datang denies any remaining allegations in Paragraph 49 of the Complaint.

50.     The allegations in the second and third sentences of Paragraph 50 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78),

and thus no response is required.  Datang denies the remaining allegations in Paragraph 50 of the Complaint.

51.      The allegations in Paragraph 51 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required. To the extent that a response is required, Paragraph 51 of the Complaint states a legal conclusion, and no response is required.  Datang denies any remaining allegations in Paragraph 51 of the Complaint.

**D.     The Datang Patents-in-Suit**

52.      Datang denies the allegations in Paragraph 52 of the Complaint.

53.      Datang states that Exhibit D of Samsung's Complaint is a written document that speaks for itself with respect to its terms and claim language therein.  To the extent that the remaining allegations contained in Paragraph 53 are inconsistent with Exhibit D, as written, said allegations are denied.

54.      Datang states that Exhibit E of Samsung's Complaint is a written document that speaks for itself with respect to its terms and language therein.  To the extent that the remaining allegations contained in Paragraph 54 are inconsistent with Exhibit E, as written, said allegations are denied.

55.      Datang admits the first sentence of Paragraph 55.  Datang states that Exhibit D of Samsung's Complaint is a written document that speaks for itself with respect to its terms, filing dates, and claim language therein.  To the extent that the remaining allegations contained in Paragraph 55 are inconsistent with Exhibit D, as written, said allegations are denied.

56.      Datang states that Exhibit F of Samsung's Complaint is a written document that speaks for itself with respect to its terms and claim language therein.  To the extent that the

remaining allegations contained in Paragraph 56 are inconsistent with Exhibit F, as written, said allegations are denied.

57.     Datang states that Exhibit G of Samsung's Complaint is a written document that speaks for itself with respect to its terms and language therein.  To the extent that the remaining allegations contained in Paragraph 57 are inconsistent with Exhibit G, as written, said allegations are denied.

58.     Datang admits the first sentence of Paragraph 58.  Datang states that Exhibit F of Samsung's Complaint is a written document that speaks for itself with respect to its terms, filing dates, and claim language therein.  To the extent that the remaining allegations contained in Paragraph 58 are inconsistent with Exhibit F, as written, said allegations are denied.

59.     Datang states that Exhibit H of Samsung's Complaint is a written document that speaks for itself with respect to its terms and claim language therein.  To the extent that the remaining allegations contained in Paragraph 59 are inconsistent with Exhibit H, as written, said allegations are denied.

60.     Datang states that Exhibit E of Samsung's Complaint is a written document that speaks for itself with respect to its terms and language therein.  To the extent that the remaining allegations contained in Paragraph 60 are inconsistent with Exhibit E, as written, said allegations are denied.

61.     Datang admits the first sentence of Paragraph 61.  Datang states that Exhibit H of Samsung's Complaint is a written document that speaks for itself with respect to its terms, filing dates, and claim language therein.  To the extent that the remaining allegations contained in Paragraph 61 are inconsistent with Exhibit H, as written, said allegations are denied.

62.     Datang states that Exhibit I of Samsung's Complaint is a written document that speaks for itself with respect to its terms and claim language therein.  To the extent that the remaining allegations contained in Paragraph 62 are inconsistent with Exhibit I, as written, said allegations are denied.

63.     Datang states that Exhibit E of Samsung's Complaint is a written document that speaks for itself with respect to its terms and language therein.  To the extent that the remaining allegations contained in Paragraph 63 are inconsistent with Exhibit E, as written, said allegations are denied.

64.     Datang admits the first sentence of Paragraph 64.  Datang states that Exhibit I of Samsung's Complaint is a written document that speaks for itself with respect to its terms, filing dates, and claim language therein.  To the extent that the remaining allegations contained in Paragraph 64 are inconsistent with Exhibit I, as written, said allegations are denied.

65.     Datang denies the allegations in Paragraph 65 of the Complaint.

66.     Datang states that Exhibits J and K of Samsung's Complaint are written documents that speak for themselves with respect to language contained therein.  To the extent that the remaining allegations contained in Paragraph 66 are inconsistent with Exhibits J and K, as written, said allegations are denied.  Datang denies any remaining allegations in Paragraph 66 of the Complaint.

67.     Datang states that Exhibit K of Samsung's Complaint is a written document that speaks for itself with respect to language contained therein.  To the extent that the remaining allegations contained in Paragraph 67 are inconsistent with Exhibit K, as written, said allegations are denied.

68.     Datang states that Exhibit K of Samsung's Complaint is a written document that speaks for itself with respect to language contained therein.  To the extent that the remaining allegations contained in Paragraph 68 are inconsistent with Exhibit K, as written, said allegations are denied.

69.     Paragraph 69 purports to characterize documents that speak for themselves with respect to their terms.  To the extent that the remaining allegations contained in Paragraph 69 are inconsistent with the terms of such documents, as written, said allegations are denied.

70.     Datang states that Exhibit I of Samsung's Complaint is a written document that speaks for itself with respect to language contained therein.  To the extent that the remaining allegations contained in Paragraph 70 are inconsistent with Exhibit I, as written, said allegations are denied.

71.     Datang states that Exhibit L of Samsung's Complaint, which is a written document that speaks for itself with respect to language contained therein.  Datang avers that multiple companies discussed Exhibit L.  Datang denies any remaining allegations in Paragraph 71 of the Complaint.

72.     Datang states that Exhibit L of Samsung's Complaint is a written document that speaks for itself with respect to language contained therein.  To the extent that the remaining allegations contained in Paragraph 72 are inconsistent with Exhibit L, as written, said allegations are denied.

73.     Datang states that Exhibit M of Samsung's Complaint is a written document that speaks for itself with respect to language contained therein.  To the extent that the remaining allegations contained in Paragraph 73 are inconsistent with Exhibit M, as written, said allegations are denied.

16

74.     Datang states that Exhibits N and O of Samsung's Complaint are written documents that speak for themselves with respect to language contained therein.  To the extent that the remaining allegations contained in Paragraph 74 are inconsistent with Exhibits N and O, as written, said allegations are denied.

75.     Datang further states that Exhibit I of Samsung's Complaint is a written document that speaks for itself with respect to language contained therein.  To the extent that the remaining allegations contained in Paragraph 75 are inconsistent with Exhibit I, as written, said allegations are denied.  Datang denies any implication or suggestion that its patent application was in any way improper.

76.     Datang denies the allegations in Paragraph 76 of the Complaint.

77.     The allegations in Paragraph 51 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required.  To the extent Paragraph 77 of the Complaint states a legal conclusion, no response is required.  Datang denies any remaining allegations in Paragraph 77 of the Complaint.

## **CLAIMS FOR RELIEF**

### **COUNT I**
### **(Declaratory Judgment of Invalidity of U.S. Patent No. 9,125,071)**

78.     Datang adopts and reasserts its answers to the above paragraphs as if fully set forth herein.

79.     To the extent Paragraph 79 of the Complaint states a legal conclusion, no response is required.  Datang denies any remaining allegations in Paragraph 79 of the Complaint.

80.     To the extent Paragraph 80 of the Complaint states a legal conclusion, no response is required.  Datang denies any remaining allegations in Paragraph 80 of the Complaint.

81.     To the extent Paragraph 81 of the Complaint states a legal conclusion, no response is required.  Datang denies any remaining allegations in Paragraph 81 of the Complaint.

82.     To the extent Paragraph 82 of the Complaint states a legal conclusion, no response is required.  Datang denies any remaining allegations in Paragraph 82 of the Complaint.

83.     To the extent Paragraph 83 of the Complaint states a legal conclusion, no response is required.  Datang denies any remaining allegations in Paragraph 83 of the Complaint.

84.     To the extent Paragraph 84 of the Complaint states a legal conclusion, no response is required.  Datang denies any remaining allegations in Paragraph 84 of the Complaint.

85.     To the extent Paragraph 85 of the Complaint states a legal conclusion, no response is required.  Datang denies any remaining allegations in Paragraph 85 of the Complaint.

86.     To the extent Paragraph 86 of the Complaint states a legal conclusion, no response is required.  Datang denies any remaining allegations in Paragraph 86 of the Complaint.

87.     To the extent Paragraph 87 of the Complaint states a legal conclusion, no response is required.  Datang denies any remaining allegations in Paragraph 87 of the Complaint.

## COUNT II
### (Declaratory Judgment of Invalidity of U.S. Patent No. 9,585,107)

88.     Datang adopts and reasserts its answers to the above paragraphs as if fully set forth herein.

89.     To the extent Paragraph 89 of the Complaint states a legal conclusion, no response is required.  Datang denies any remaining allegations in Paragraph 89 of the Complaint.

90.     To the extent Paragraph 90 of the Complaint states a legal conclusion, no response is required.  Datang denies any remaining allegations in Paragraph 90 of the Complaint.

91.     To the extent Paragraph 91 of the Complaint states a legal conclusion, no response is required.  Datang denies any remaining allegations in Paragraph 91 of the Complaint.

92.     To the extent Paragraph 92 of the Complaint states a legal conclusion, no response is required.  Datang denies any remaining allegations in Paragraph 92 of the Complaint.

93.     To the extent Paragraph 93 of the Complaint states a legal conclusion, no response is required.  Datang denies any remaining allegations in Paragraph 93 of the Complaint.

94.     To the extent Paragraph 94 of the Complaint states a legal conclusion, no response is required.  Datang denies any remaining allegations in Paragraph 94 of the Complaint.

95.     To the extent Paragraph 95 of the Complaint states a legal conclusion, no response is required.  Datang denies any remaining allegations in Paragraph 95 of the Complaint.

96.     To the extent Paragraph 96 of the Complaint states a legal conclusion, no response is required.  Datang denies any remaining allegations in Paragraph 96 of the Complaint.

## COUNT III
### (Declaratory Judgment of Invalidity of U.S. Patent No. 10,785,808)

97.     Datang adopts and reasserts its answers to the above paragraphs as if fully set forth herein.

98.     To the extent Paragraph 98 of the Complaint states a legal conclusion, no response is required.  Datang denies any remaining allegations in Paragraph 98 of the Complaint.

99.     To the extent Paragraph 99 of the Complaint states a legal conclusion, no response is required.  Datang denies any remaining allegations in Paragraph 99 of the Complaint.

100.    To the extent Paragraph 100 of the Complaint states a legal conclusion, no response is required.  Datang denies any remaining allegations in Paragraph 100 of the Complaint.

19

101.   To the extent Paragraph 101 of the Complaint states a legal conclusion, no response is required.  Datang denies any remaining allegations in Paragraph 101 of the Complaint.

102.   To the extent Paragraph 102 of the Complaint states a legal conclusion, no response is required.  Datang denies any remaining allegations in Paragraph 102 of the Complaint.

103.   To the extent Paragraph 103 of the Complaint states a legal conclusion, no response is required.  Datang denies any remaining allegations in Paragraph 103 of the Complaint.

104.   To the extent Paragraph 104 of the Complaint states a legal conclusion, no response is required.  Datang denies any remaining allegations in Paragraph 104 of the Complaint.

105.   To the extent Paragraph 105 of the Complaint states a legal conclusion, no response is required.  Datang denies any remaining allegations in Paragraph 105 of the Complaint.

106.   To the extent Paragraph 106 of the Complaint states a legal conclusion, no response is required.  Datang denies any remaining allegations in Paragraph 106 of the Complaint.

## COUNT IV
### (Declaratory Judgment of Invalidity of U.S. Patent No. 11,057,923)

107.   Datang adopts and reasserts its answers to the above paragraphs as if fully set forth herein.

108.   To the extent Paragraph 108 of the Complaint states a legal conclusion, no response is required.  Datang denies any remaining allegations in Paragraph 108 of the Complaint.

109.   To the extent Paragraph 109 of the Complaint states a legal conclusion, no response is required.  Datang denies any remaining allegations in Paragraph 109 of the Complaint.

110.   To the extent Paragraph 110 of the Complaint states a legal conclusion, no response is required.  Datang denies any remaining allegations in Paragraph 110 of the Complaint.

111.    To the extent Paragraph 111 of the Complaint states a legal conclusion, no response is required.  Datang denies any remaining allegations in Paragraph 111 of the Complaint.

112.    To the extent Paragraph 112 of the Complaint states a legal conclusion, no response is required.  Datang denies any remaining allegations in Paragraph 112 of the Complaint.

113.    To the extent Paragraph 113 of the Complaint states a legal conclusion, no response is required.  Datang denies any remaining allegations in Paragraph 113 of the Complaint.

114.    To the extent Paragraph 114 of the Complaint states a legal conclusion, no response is required.  Datang denies any remaining allegations in Paragraph 114 of the Complaint.

115.    To the extent Paragraph 115 of the Complaint states a legal conclusion, no response is required.  Datang denies any remaining allegations in Paragraph 115 of the Complaint.

116.    To the extent Paragraph 116 of the Complaint states a legal conclusion, no response is required.  Datang denies any remaining allegations in Paragraph 116 of the Complaint.

## COUNT V
## (Breach of Contract)

117.    The allegations in Paragraph 117 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required.  To the extent that a response is required, Datang adopts and reasserts its answers to the above paragraphs as if fully set forth herein.

118.    The allegations in Paragraph 118 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required.  To the extent that a response is required, the allegations contained in Paragraph 118 are conclusions of law to which no response is required.  To the extent a further response is necessary, denied.

119.   The allegations in Paragraph 119 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required.  To the extent that a response is required, the allegations contained in Paragraph 119 are conclusions of law to which no response is required.  To the extent a further response is necessary, denied.

120.   The allegations in Paragraph 120 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required.  To the extent that a response is required, the allegations contained in Paragraph 120 are conclusions of law to which no response is required.  To the extent a further response is necessary, denied.

121.   The allegations in Paragraph 121 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required.  To the extent that a response is required, the allegations contained in Paragraph 121 are conclusions of law to which no response is required.  To the extent a further response is necessary, denied.

122.   The allegations in Paragraph 122 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required.  To the extent that a response is required, the allegations contained in Paragraph 122 are conclusions of law to which no response is required.  To the extent a further response is necessary, denied.

123.   The allegations in Paragraph 123 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required.  To the extent that a response is required, the allegations contained in Paragraph 123 are

conclusions of law to which no response is required.  To the extent a further response is necessary, denied.

124.   The allegations in Paragraph 124 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required.  To the extent that a response is required, the allegations contained in Paragraph 124 are conclusions of law to which no response is required.  To the extent a further response is necessary, denied.

125.   The allegations in Paragraph 125 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required.  To the extent that a response is required, the allegations contained in Paragraph 125 are conclusions of law to which no response is required.  To the extent a further response is necessary, denied.

126.   The allegations in Paragraph 126 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required.  To the extent that a response is required, the allegations contained in Paragraph 126 are conclusions of law to which no response is required.  To the extent a further response is necessary, denied.

## <u>COUNT VI</u>
### <u>(Breach of Obligation to Negotiate in Good Faith)</u>

127.   The allegations in Paragraph 127 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required.  To the extent that a response is required, Datang adopts and reasserts its answers to the above paragraphs as if fully set forth herein.

128.   The allegations in Paragraph 128 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required.  To the extent that a response is required, the allegations contained in Paragraph 128 are conclusions of law to which no response is required.  To the extent a further response is necessary, denied.

129.   The allegations in Paragraph 129 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required.  To the extent that a response is required, the allegations contained in Paragraph 129 are conclusions of law to which no response is required.  To the extent a further response is necessary, denied.

130.   The allegations in Paragraph 130 relate to Counts V and VI of Samsung's Complaint, which were dismissed pursuant to this Court's order (Dkt. 78), and thus no response is required.  To the extent that a response is required, the allegations contained in Paragraph 130 are conclusions of law to which no response is required.  To the extent a further response is necessary, denied.

## [SAMSUNG'S] PRAYER FOR RELIEF

Datang denies the underlying allegations of Samsung's Prayer for Relief against Datang, denies that Samsung is entitled to any relief whatsoever, and requests that the Court deny all relief to Samsung, enter judgment in favor of Datang, and award Datang its attorneys' fees and costs as the prevailing party in the action.

## DEFENSES

Datang asserts the following defenses, without assuming the burden of proof on issues as to which Samsung bears such burden.  Datang reserves all defenses permitted under the Federal

24

Rules of Civil Procedure, the patent laws of the United States, and/or at law or equity, which

may now exist or in the future be available based on discovery and further investigation in this

case.  Assertion of a defense is not a concession that Datang has the burden of proving the matter

asserted.

<u>**FIRST AFFIRMATIVE DEFENSE**</u>
**(No Invalidity)**

The Patents-In-Suit are not invalid.

<u>**SECOND AFFIRMATIVE DEFENSE**</u>
**(Lack of Jurisdiction for Declaratory Judgment)**

Samsung has failed to show a justiciable controversy giving rise to jurisdiction under the

Declaratory Judgment Act, for at least the reasons described in Datang's Motion to Dismiss.

<u>**THIRD AFFIRMATIVE DEFENSE**</u>
**(Foreign Sovereign Immunities Act)**

This Court lacks jurisdiction because Datang is subject to immunity under the Foreign

Sovereign Immunities Act, for at least the reasons described in Datang's Motion to Dismiss.

<u>**FOURTH AFFIRMATIVE DEFENSE**</u>
**(Lack of Personal Jurisdiction)**

This Court lacks personal jurisdiction over Datang, for at least the reasons described in

Datang's Motion to Dismiss.

<u>**FIFTH AFFIRMATIVE DEFENSE**</u>
**(*Forum Non Conveniens*)**

This case should be dismissed on the basis of *forum non conveniens*, in light of the

availability of (and ongoing proceedings in) foreign jurisdictions.

<u>**SIXTH AFFIRMATIVE DEFENSE**</u>
**(International Comity)**

This case should be dismissed on the basis of international comity, in light of the ongoing

proceedings in foreign jurisdictions.

## SEVENTH AFFIRMATIVE DEFENSE
### (Equitable Doctrines)

Samsung's claims are barred in whole or in part under principles of equity, including without limitation, laches, waiver, estoppel and/or unclean hands.

## PRAYER FOR RELIEF

For these reasons, Datang respectfully prays for the following relief:

a) That the Court dismiss Samsung's claims in its Complaint with prejudice, and enter judgment in favor of Datang against Samsung;

b) That the Court deny all relief from Datang requested by Samsung in its Complaint;

c) That the Court declare that the claims of the asserted patents are not invalid in view of Samsung's allegations;

d) That the Court grant Datang all reasonable attorneys' fees, experts' fees, and costs; and

e) That the Court grant Datang such further relief as the Court deems proper and just.

Dated this 1st day of March, 2024.          Respectfully submitted,

                              /s/

Ellis L. Bennett (Virginia Bar No. 71685)
Stephen D. Graeff (Virginia Bar No. 77720)
Ryan T. Kennedy (Virginia Bar No. 79646)
DUNLAP BENNETT & LUDWIG PLLC
8300 Boone Boulevard, Suite 550
Vienna, VA 22182
Telephone: (703) 777-7319
Facsimile: (703) 777-3656
E-mail: ebennett@dbllawyers.com
        sgraeff@dbllawyers.com
        rkennedy@dbllawyers.com

Shannon L. Bjorklund (*pro hac vice*)
Payton E. George (*pro hac vice* application forthcoming)
DORSEY & WHITNEY LLP
50 S. Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600
E-mail: bjorklund.shannon@dorsey.com
        george.payton@dorsey.com

Gregory S. Tamkin (*pro hac vice*)
DORSEY & WHITNEY LLP
1400 Wewatta Street, Suite 400
Denver, CO 80202-5549
Telephone: (303) 629-3438
E-mail: tamkin.greg@dorsey.com

Hui Shen (*pro hac vice*)
DORSEY & WHITNEY LLP
1401 New York Avenue NW, Suite 900
Washington DC, 20005
Telephone: (202) 442-3000
E-mail: shen.hui@dorsey.com

Elliot Hales (*pro hac vice*)
DORSEY & WHITNEY LLP
111 South Main Street, Suite 2100
Salt Lake City, UT 84111-2176
E-mail: hales.elliot@dorsey.com

*Counsel for Defendant Datang Mobile Communications Equipment Co., Ltd.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court on the 1st day of March, 2024 using the Court's ECF filing system, which sent notification of the filing to all counsel of record.

_____/s/_____
Ellis L. Bennett (Virginia Bar No. 71685)
DUNLAP BENNETT & LUDWIG PLLC
8300 Boone Boulevard, Suite 550
Vienna, VA 22182
Telephone: (703) 636-1667
Facsimile: (703) 777-3656
E-mail: ebennett@dbllawyers.com

*Counsel for Defendant Datang Mobile
Communications Equipment Co., Ltd.*

29