**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| SAMSUNG ELECTRONICS CO., LTD. & SAMSUNG ELECTRONICS AMERICA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> DATANG MOBILE COMMUNICATIONS EQUIPMENT CO., LTD., <br><br> Defendant. | Civil Action No. 1:23-cv-01488-MSN-LRV |

**[PROPOSED] JOINT DISCOVERY PLAN**

Pursuant to the Court's Initial Scheduling Order (Dkt. 87), Plaintiffs Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") and Defendant Datang Mobile Communications Equipment Co., Ltd. ("Datang"), hereafter referred to as "the Parties," submit this proposed Joint Discovery Plan.

**I.     GENERAL PROVISIONS**

A.     **Protective Order.** The Parties shall submit a stipulated protective order to the Court on or before **March 27, 2024**, or, should they fail to agree by that date, they shall file any motion for entry of such orders for this Court's consideration.   The Parties mutually agree that, until the Court enters a Protective Order, to the extent a producing party has provided a draft Protective Order to the receiving party (which would also include any redlined responsive drafts), the receiving party shall treat all documents and things produced pursuant to this Plan in accordance with the producing party's draft Protective Order.   In no event shall any party withhold producing its documents based

on confidentiality concerns (other than third-party obligations) or the fact that the Protective Order has not yet been entered.

B.  **Electronic Discovery.**

1.  **ESI Order.**  The Parties will submit a proposed ESI protocol to the Court on or before **March 27, 2024**, or, should the Parties fail to agree by that date, they shall file any motion for entry of such orders for this Court's consideration.

2.  **Preservation of Electronically Stored Information**.  The Parties, their counsel, and retained experts will retain, and preserve documents and things in their possession in compliance with all governing Federal Rules, Local Rules, and governing case law.

3.  **Non-Party Documents.**  Within four business days of receipt of documents subpoenaed from a non-party pursuant to Rule 45, the receiving Party will provide copies of those documents to the other Party or make the documents available for inspection and copying by the other Party.

C.  **Electronic Service.**  The Parties agree that, for all service required in this lawsuit, service by electronic means shall be deemed equivalent to hand delivery.

II.  **PROPOSED SCHEDULE**

A.  **Initial Disclosures.**  The Parties shall serve their Rule 26(a)(1) initial disclosures by **March 27, 2024**.

B.  **Amended Pleadings.**  Amended pleadings may be filed pursuant to Fed. R. Civ. P. 15.

C.  **Preliminary Invalidity Disclosures.**  On or before **April 1, 2024**, Datang will identify the claims in each Patent-in-Suit that Datang contends read on one or more cellular

2

standard.  On or before **April 15, 2024**, Samsung shall serve Preliminary Invalidity Disclosures that identify the following information:

1.      Each item that Samsung contends anticipates each specified claim. Each prior art patent shall be identified by its number, country of origin, and date of issuance. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior use under 35 U.S.C. § 102(a) (pre-AIA) or (b) (pre-AIA) and/or 35 U.S.C. § 102(a)(1) (AIA), or on sale activity under 35 U.S.C. § 102(b) (pre-AIA) and/or 35 U.S.C. § 102(a)(1) (AIA), shall be identified, if feasible, by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known.

2.      Each item or combination of prior art that Samsung contends renders each specified claim obvious and the basis therefore, including the motivation to combine or modify such items and any supporting documents or evidence.

3.      A chart identifying specifically in each alleged item of prior art or combination where each limitation of each asserted claim is found, including for each limitation that Samsung contends is governed by 35 U.S.C. § 112(6) (pre-AIA) and/or 35 U.S.C. §112(f) (AIA), the identity of the structure(s), act(s), or material(s) in each item of prior art that corresponds to the structure identified in the patent specification that performs the claimed function.

4.      Any grounds of invalidity for any of the asserted claims based on indefiniteness or lack of enablement or written description under 35 U.S.C. § 112 or patent ineligibility under 35 U.S.C. § 101.

D.      **Patent Claims and Prior Art Narrowing.**  The Parties shall meet and confer regarding representative patent claims and limitations on the number of adjudicated claims and asserted prior art references and shall file a status report thereon by **May 3, 2024**, as well as discuss any necessary or appropriate stipulations.

E.      **Document Production.**  Document production of the Parties shall be substantially complete by **May 15, 2024**, with rolling productions to begin on **April 8, 2024**.

F.      **Claim Constructions Exchanges and Briefing.**  The Parties will simultaneously exchange proposed terms for construction on **April 22, 2024**, and will simultaneously

3

exchange proposed constructions and an identification of any intrinsic and extrinsic evidence the party will use to support a proposed construction on **April 29, 2024**.   No later than **May 1, 2024**, the Parties shall meet and confer to agree to the terms to be construed.   The Parties will file a joint list of disputed and agreed claim terms on **May 3, 2024**.  The Parties will simultaneously file Opening Claim Construction Briefs on **May 8, 2024**, with Responsive Briefs due on **May 22, 2024**.

G.        **Markman Hearing.**  A *Markman* hearing shall be conducted on _____.

H.         **Fact Discovery.**  The Parties shall make good faith efforts to complete all fact discovery prior to the deadline for initial expert reports.  To the extent discovery impacting expert reports arises after or near a deadline for initial or rebuttal reports, the Parties shall meet and confer in good faith on any necessary adjustments to the deadline for serving expert reports and/or timing to supplement reports already served.

I.        **Final Invalidity Disclosures.**   For good cause, Samsung may timely supplement its Preliminary Invalidity Disclosures before the due date for Samsung's opening expert report on invalidity.  After service of the final invalidity contentions, supplementation will only be permitted as justified based on (a) new information received in discovery that could not have been reasonably available to Plaintiff before service of its final invalidity contentions or (b) based on the Court's claim construction order (if issued after the due date for Plaintiff's opening expert report on invalidity).  No other supplementation will be permitted without leave of Court or agreement of the Parties.

J.    **Expert Disclosures.**[1]  All initial expert reports (*i.e.*, for matter on which a party bears the burden of proof) shall be served on or before **June 5, 2024**.  All rebuttal expert reports shall be served on or before **June 28, 2024**.

K.    **Close of Expert Discovery.**  Expert discovery shall close on **July 12, 2024**.

L.    **Deadline for Dispositive and *Daubert* Motions.**  All dispositive and *Daubert* motions shall be filed by no later than **July 18, 2024**.

M.    **Final Pre-Trial Conference.**  The Final Pretrial Conference shall be held on **July 18, 2024**.[2]

N.    **Pre-Trial Disclosures.**  All Rule 26(a)(3) Pretrial Disclosures shall be filed and served no later than **July 18, 2024**.

O.    **Objections to Pre-Trial Disclosures.**  All Objections to Rule 26(a)(3) Pretrial Disclosures, including trial exhibits, shall be filed and served no later than **July 29, 2024**.

P.    **Oppositions to Dispositive and *Daubert* Motions.**  All Oppositions to dispositive and *Daubert* motions shall be filed by no later than **August 2, 2024**.

Q.    **Replies to Dispositive and *Daubert* Motions.**  All Replies in support of dispositive and *Daubert* motions shall be filed by no later than **August 9, 2024**.

---

[1]  To the extent the Court's *Markman* order issues after or near a deadline for initial or rebuttal reports, the Parties shall meet and confer in good faith on any necessary adjustments to the deadline for serving expert reports and/or timing to supplement reports already served.

[2]  Further to the Parties' call to Judge Nachmanoff's chambers on March 13, 2024, counsel for Samsung has a scheduling conflict for July 18, 2024 based on a *Markman* hearing previously scheduled in a case pending in the Eastern District of Texas for July 18, 2024.  Datang's counsel has a previously scheduled trial currently set to start on July 22, 2024.  Counsel for Datang may have further information relating to that potential trial within the next week or two, and the Parties intend to follow-up with the Court regarding a potential continuance of the July 18, 2024 Final Pre-Trial Conference once the Parties have additional clarity regarding scheduling conflicts.

R. **Hearing on Dispositive and *Daubert* Motions.** Dispositive and *Daubert* motions shall be heard on _____.

## III.    DISCOVERY LIMITATIONS

A.    **Deposition Limits.**

1.    Each side is granted leave pursuant to Fed. R. Civ. P. 30(a)(2)(A)(i) to take up to eighty-four (84) hours of deposition testimony upon oral examination of party and non-party witnesses, including employees, inventors, corporate representatives, patent prosecutors, and other non-parties, but excluding expert testimony.  So long as such depositions are conducted within the eighty-four (84) hours limit, there is no limit on the number of depositions, including non-party depositions.  For purposes of calculating deposition time, depositions conducted with the assistance of a translator will count at 70% of the elapsed time.  The number of hours may be extended only with leave of Court, and only upon a showing of good cause.

2.    The Parties agree to identify the corporate representative being offered to testify as a witness pursuant to Rule 30(b)(6) and the topics on which the witness is being offered to testify at least five (5) days in advance of the deposition date.

3.    Nothing in this section shall allow the deposition of a single non-expert witness for greater than seven (7) hours (or ten (10) hours for depositions conducted with the assistance of a translator) in his or her personal capacity without agreement of the Parties or leave of Court.

6

B.    **Experts.**

The Parties agree that notes, drafts, or other types of preliminary written work by or for experts concerning the subject matter of this civil action shall not be the subject of discovery or inquiry at trial.   No communication, whether written or oral, between or among any expert(s) and counsel for the party retaining said expert(s) concerning the subject matter of this action shall be the subject of discovery or inquiry at trial.   The foregoing shall not apply to any facts, data, or assumptions upon which the expert relied in forming his or her opinion as expressed in an affidavit, report, or testimony. Materials, communications, and other information exempt from discovery under this paragraph shall be treated as attorney work product.  If not already produced, all materials upon which any expert relies shall be produced contemporaneously with such expert's disclosure.

C.    **Privilege Logs.**

1.    A Party is not required to serve a privilege log with each installment of its rolling document production but will serve one privilege log promptly after it has substantially completed its entire document production.

2.    Nothing in this provision affects or changes a Party's ability to challenge any Party's rights to withhold any document based on the attorney-client privilege, work product doctrine, or other legal privileges or immunities.   The inadvertent disclosure of privileged material will be governed by the Protective Order to be entered in this action.

7

3. The Parties need not identify any work product or privileged documents and things created on or after December 20, 2022 in this action on any privilege log.

4. For each withheld item, the privilege log will include the following information (to the extent applicable): a unique identifier for the withheld item; production number(s) (e.g., for redacted documents); date; author; recipient(s); carbon copy recipient(s); a description sufficient to identify the general subject matter of the withheld or redacted item; and the basis or bases for withholding.

D. When a party produces documents or information in redacted form, all redactions must be clearly labeled with the legend "REDACTED" or a substantially similar legend.

E. U.S. law shall govern all questions of privilege.

F. A maximum of fifty (50) requests for admission are permitted for each side, excluding requests for admission directed to the authenticity of documents which are not limited.   The number of requests for admission may be extended only with leave of Court, and only upon a showing of good cause.

G. Pursuant to the Court's Initial Scheduling Order (Dkt. 87), a maximum of thirty (30) interrogatories, including contention interrogatories, are permitted for each side. The number of interrogatories may be extended only with leave of Court, and only upon a showing of good cause.

## IV.    SETTLEMENT CONFERENCE

The Parties are discussing the possibility of settlement or resolution of this case.

## V.    OTHER MATTERS

      A.      The Parties expect the trial of this matter to last 3 to 5 days.[3]

      B.      The Parties do not agree to proceed to trial before a magistrate judge.

      C.      A jury trial has been demanded.

## VI.    WAIVER OF RULE 16(B) CONFERENCE

Given the Parties' agreement on the terms of this Joint Discovery Plan, the Parties waive their appearances at the Rule 16(b) Conference and respectfully request that the Court enter a Rule 16(b) Scheduling Order adopting the terms of this Joint Discovery Plan. However, the Parties will appear if so directed by the Court.

---

[3] Samsung notes that the estimate from its end assumes the number of patent claims at issue for trial will be approximately six claims or fewer. In the event materially more claims become at issue for trial, it is possible more than 5 trial days will be needed.

**JOINTLY SUBMITTED** this 22nd day of March 2024.

By: _____/s/_____
Brianna Lynn Silverstein (VA Bar #78491)
Katlyn M. Moseley (VA Bar #92420)
Christopher J. Burrell (admitted *Pro Hac Vice*)
Ahmad Malik (admitted *Pro Hac Vice*)
**FAEGRE DRINKER BIDDLE & REATH LLP**
1500 K Street, NW
Suite 1100
Washington, DC 20005
Tel: (202) 230-5000
Fax: (202) 842-8465
Christopher.Burrell@faegredrinker.com
Brianna.Silverstein@faegredrinker.com
Katlyn.Moseley@faegredrinker.com
Ahmad.Malik@faegredrinker.com

David J.F. Gross (admitted *Pro Hac Vice*)
Timothy Grimsrud (admitted *Pro Hac Vice*)
**FAEGRE DRINKER BIDDLE & REATH LLP**
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Tel: (612) 766-7000
Fax: (612) 766-1600
David.Gross@faegredrinker.com
Tim.Grimsrud@faegredrinker.com

Todd M. Briggs (admitted *Pro Hac Vice*)
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 94065
Tel: (650) 801-5000
Fax: (650) 801-5100
ToddBriggs@quinnemanuel.com

Nima Hefazi (admitted *Pro Hac Vice*)
Zhaoxin (John) Yin (admitted *Pro Hac Vice*)
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
865 South Figueroa Street, 10th Floor

By: _____/s/_____
Ellis L. Bennett (Virginia Bar No. 71685)
Stephen D. Graeff (Virginia Bar No. 77720)
**DUNLAP BENNETT & LUDWIG PLLC**
8300 Boone Boulevard, Suite 550
Vienna, VA 22182
Telephone: (703) 777-7319
E-mail: ebennett@dbllawyers.com
        sgraeff@dbllawyers.com

Gregory S. Tamkin (*pro hac vice*)
Maral J. Shoaei (*pro hac vice*)
William G. Cravens (*pro hac*)
**DORSEY & WHITNEY LLP**
1400 Wewatta Street, Suite 400
Denver, CO 80202-5549
Telephone: (303) 629-3438
E-mail: tamkin.greg@dorsey.com
        shoaei.maral@dorsey.com
        cravens.william@dorsey.com

Shannon L. Bjorklund (*pro hac vice*)
Payton E. George (*pro hac vice* application pending)
**DORSEY & WHITNEY LLP**
50 S. Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600
E-mail: bjorklund.shannon@dorsey.com
        george.payton@dorsey.com

Hui Shen (*pro hac vice*)
**DORSEY & WHITNEY LLP**
1401 New York Avenue NW, Suite 900
Washington DC, 20005
Telephone: (202) 442-3000
E-mail: shen.hui@dorsey.com

Elliot Hales (*pro hac vice*)
**DORSEY & WHITNEY LLP**
111 South Main Street, Suite 2100
Salt Lake City, UT 84111-2176
Telephone: (801) 933-7360
E-mail: hales.elliot@dorsey.com

Los Angeles, CA 90017
Tel: (213) 443-3000
Fax: (213) 443-3100
NimaHefazi@quinnemanuel.com
JohnYin@quinnemanuel.com

Christopher Robert Sabbagh (admitted *Pro Hac Vice*)
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
711 Louisiana Street, Ste. 500
Houston, TX 77002
Tel: (713) 221-7000
Fax: (713) 221-7100
ChrisSabbagh@quinnemanuel.com

*Counsel for Plaintiffs Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

*Counsel for Defendant Mobile Communications Equipment Co., Ltd.*

11

**CERTIFICATE OF SERVICE**

I hereby certify that on March 22, 2024, I filed a copy of the foregoing with the Clerk of

Court using the CM/ECF System, which sent notification of the filing to all counsel of record.


_____*/s/*_____
Brianna Lynn Silverstein